IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ALABAMA CONCRETE CO., INC., ) <br> MARY JANE MITCHELL, and ) <br> MIRIAM MITCHELL ROLAND, ) <br>   ) <br> PLAINTIFFS, ) <br>   ) <br> V. ) <br>   ) <br> ARGOS CEMENT, LLC, and ) <br> L. BRUCE ABLES, ) <br>   ) <br> DEFENDANTS. ) | Case No. 5:14-cv-01940-MHH |

**MOTION TO REMAND AND**
**MOTION FOR FEES AND COSTS UNDER 28 U.S.C. § 1447(c)**

Complete diversity is lacking in this removed case. This action is brought against L. Bruce Ables. The complaint specifically names Ables as the Personal Representative of the estate of Woodfin G. Mitchell and specifically seeks a declaratory judgment on an agreement he signed in that capacity. There cannot be complete diversity because Ables is deemed to be a citizen of Alabama, the decedent's state of citizenship. 28 U.S.C. § 1332(c)(2). This Court should remand the case to state court for this obvious jurisdictional defect. In addition, Argos has not established that Ables is a Tennessee citizen or that the amount in controversy exceeds $75,000. Because removal of this case was objectively unreasonable in light of the plain language of § 1332(c)(2), the Court should grant fees and costs pursuant to 28 U.S.C. § 1447(c) upon remand.

1

1. This is a dispute between Alabama Concrete Co., Inc. and its shareholders, Mary Jane Mitchell and Miriam Mitchell Roland, against Argos Cement, LLC and Ables over the validity of a Right of First Refusal governing the sale of Alabama Concrete stock. Ables is the Personal Representative of the Last Will and Testament of Woodfin G. Mitchell. Compl. ¶¶ 5, 11, 16, 19. Ables signed the Right of First Refusal in his role as Personal Representative of Mr. Mitchell's estate. Compl. Ex. A at 4. The complaint alleges that Ables, as Personal Representative, had no authority to "burden the Alabama Concrete stock currently owned by Ms. Mitchell and Ms. Roland." Compl. ¶ 16. Argos and Ables have admitted these dispositive jurisdictional facts. Doc. 1 Attach. C ¶ 6; Doc. 7 ¶¶ 5, 11; Doc. 10 ¶¶ 5, 11. In fact, Argos and Ables contend that Ables had the authority to execute the Right of First Refusal because he is the Personal Representative of Mr. Mitchell's estate. Doc. 7 ¶ 16; Doc. 10 ¶ 16.

2. Complete diversity is lacking because 28 U.S.C. § 1332(c)(2) deems Ables to be a citizen of Alabama. Section 1332(c)(2) provides that for purposes of diversity and removal jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Mr. Mitchell was a citizen of Alabama when he died. *See In the Matter of the*

*Estate of Woodfin G. Mitchell*, Madison County Probate Court No. 57609, Petition for Probate of Will at 1 (signed by L. Bruce Ables, representing that Mr. Mitchell "was at the time of his death an inhabitant of this County"). (Certified copies of filings from the estate case are attached collectively as Exhibit A.) There can be no doubt that Argos's counsel was aware of Mr. Mitchell's Alabama citizenship; they served as administrator *ad litem* in matters related to Mr. Mitchell's estate in Madison County. *See Mitchell v. Ables*, Madison County Circuit Court No. CV-2012-900284.00, Compl. ¶ 1 & Order Appointing Administrator Ad Litem (certified copies attached collectively as Exhibit B); *In the Matter of the Estate of Woodfin Gowen Mitchell*, Madison County Circuit Court No. CV-12-231, Order (extending appointment of W. Brad English as Administrator *Ad Litem* in estate case) (certified copies attached collectively as Exhibit C). Section 1332(c)(2) thus destroys complete diversity. *Moore v. N. Am. Sports*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010); *King v. Cessna Aircraft*, 505 F.3d 1160, 1170 (11th Cir. 2007); *Palmer v. Hosp. Author.*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994).

3. Because Ables is deemed to be a citizen of Alabama, 28 U.S.C. § 1441(b)(2) bars removal to federal court.

4. Regardless, Argos has failed to prove, as a matter of jurisdictional fact, that Ables is a citizen of Tennessee. As the party seeking to invoke removal jurisdiction, Argos bears the burden of proving complete diversity of citizenship. *Rolling Greens v. Comcast*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001). When challenged, removal jurisdiction must be "adequately founded in fact." *Morrison v. Allstate*, 228 F.3d 1255, 1273 (11th Cir. 2000) (citation and internal quotation omitted). Argos's notice of removal avers that Ables is a resident of Tennessee. Doc. 1 at 3. Ables also contends, in a carefully crafted affidavit, that he resides in Tennessee. Doc. 1 Attach C ¶¶ 1, 2. *See also* Doc. 10 ¶ 5. But diversity jurisdiction turns of diversity of *citizenship* or legal domicile, not residence. *Newman-Green v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Mere averments of "residence" are not enough. *Grace v. Am. Cent. Ins.*, 109 U.S. 278, 284 (1883), *followed in Neel v. Pennsylvania Co.*, 157 U.S. 153, 154 (1895); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). *See* MOORE'S § 102.34[8]. Argos's allegation of Ables's diverse citizenship (Doc. 1 at 4) is not sufficient, either. *Grace*, 109 U.S. at 284.

5. To determine Ables's citizenship, Argos must establish (1) his true, fixed, and permanent home and (2) his intent to return there whenever he is absent

4

from his home. *Sunseri v. Macro Cellular*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McCormick*, 293 F.3d at 1257–58. Ables is a longtime resident of Madison County, Alabama. A licensed member of the Alabama Bar since 1963, he is the founding member of Ables Baxter & Parker, P.C., a decades-old Huntsville law firm. Ables recently purchased a home at 507 Adams Street in downtown Huntsville, registering that home as his homestead with the Madison County Tax Assessor. (Certified copies of the deed to 507 Adams Street and the homestead exemption are attached collectively as Exhibit D). These facts show Alabama is Ables's domicile. *Sunseri*, 412 F.3d at 1249 (holding party was domiciled in California based upon mortgage and primary residence there). Ables's citizenship in Alabama is presumed to continue. *King*, 505 F.3d at 1171. *See* 15 MOORE'S § 102.34[7] ("Once a domicile is established in one state, it is presumed to continue in existence, even if the party leaves that state, until the adoption of a new domicile is established.").

6. Argos must prove a change in Ables's citizenship, which must be "actual, not pretended." *Morris v. Gilmer*, 129 U.S. 315, 328 (1889). *See* MOORE'S § 102.35[6]. A mere residence in Tennessee is insufficient to show that Ables has "abandon[ed]" his Alabama citizenship (*Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905)) with an intent to remain in Tennessee "indefinitely" (*McCormick*, 293

F.3d at 1258). Argos has not come forward with sufficient evidence that Ables has changed his State citizenship. His Tennessee driver's license and voter registration card (neither of which is in evidence) are not determinative of legal domicile. *Las Vistas Villas v. Petersen*, 778 F. Supp. 1202, 1205 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994) (Table). It would counter the purpose of diversity jurisdiction to allow Ables—a longtime resident of Huntsville who has claimed homestead here and has practiced law in Madison County for 50 years—to pretend he would suffer some prejudice in state court merely because he carries a Tennessee driver's license. *See Galva Foundry v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991); 13E WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE 3D § 3611, at 473 (2009) (It would "pervert the basic purpose of diversity jurisdiction"—"the protection of out-of-state litigants who truly are strangers to the forum"—to permit "manufactur[ed] diversity" via "temporary relocation to a state"). (To the extent the Court has any doubt that Ables is a citizen of Alabama, Plaintiffs request the right to conduct jurisdictional discovery and an evidentiary hearing on the issue.)

7. Argos has also failed to establish the amount in controversy by a "preponderance of the evidence." 28 U.S.C. § 1446(c)(2)(B); *Pretka v. Kolter City Plaza*, 608 F.3d 744, 752 (11th Cir. 2010). Where, as here, declaratory relief is sought, the amount in controversy is the monetary value of the object of the

litigation "from the plaintiff's perspective." *Cohen v. Office Depot*, 204 F.3d 1069, 1077 (11th Cir. 2000). In other words, the value of the declaratory relief is the "monetary value that would flow to the plaintiff" if the declaration were granted. *Morrison*, 228 F.3d at 1268 (internal quotation and citation omitted). That amount must be "sufficiently measurable and certain." *Id.* at 1269 (internal quotation and citation omitted). The value that would flow to Plaintiffs if the Right of First Refusal were declared invalid is "too speculative" and "uncertain" to satisfy the amount in controversy. *Compare id.* at 1268–70 (injunction requiring insurance company to pay claims for diminished value was too speculative because policy language could be changed and too uncertain because value of any future claim could range from minor to severe); *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 973 (11th Cir. 2002) (injunction against rental car insurance "will not be of any monetary value" because plaintiffs were free to refuse to purchase the insurance"); *Cohen*, 204 F.3d at 1077–78 ("[W]e doubt that any monetary value at all would accrue to the class plaintiffs upon issuance of [a] prospective injunction" against advertising catalogue prices as lower than store prices); *Ericsson GE Mobile Communications v. Motorola Communications*, 120 F.3d 216, 221–22 (11th Cir. 1997) (injunction permitting plaintiff to rebid for a contract was "too speculative and immeasurable to satisfy the amount in controversy requirement").

8. Argos has made no showing of what monetary value, if any, would flow if Right of First Refusal is invalid. The object of Plaintiffs' litigation is to remove this contractual impediment to any future sale of Alabama Concrete stock. *See McNutt v. General Motors*, 298 U.S. 178, 181 (1936). The declaratory relief sought here concerns "future transactions that [a]re merely possible," not "past transactions" that can be quantified into a "concrete monetary value." *South Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) (emphasis removed). Such a future transaction is entirely contingent and too speculative to quantify. *See Morrison*, 279 F.3d at 1269. There is no present offer to purchase the Alabama Concrete stock at any price. The value, if any, that would flow to Plaintiffs upon declaring the Right of First Refusal invalid is entirely speculative. This is not akin to the non-compete challenged in *Weiner v. Tootsie Roll*, 412 F. App'x 224, 228 (11th Cir. 2011). The shareholders of Alabama Concrete could sell the company's assets free of the Right of First Refusal, which by its terms only applies to a stock sale. *See* Compl. Ex. A at 1 ¶ 1. Argos attempts to quantify the declaratory relief using discounts it gave Alabama Concrete 11 months before and 4 months after the Right of First Refusal was executed. *See* Doc. 1 at 7–9. There is no evidence those discounts had anything to do with the Right of First Refusal. Regardless, the value of the discounts is the object of Argos's counterclaim in

restitution. *See* Doc. 7 at 19–20. The amount in controversy from the defendant's perspective does not count. *Cohen*, 204 F.3d at 1077.

9.  Establishing diversity jurisdiction in this case is impossible due to § 1332(c)(2). Removal was thus objectively unreasonable, justifying an award of fees and costs under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005). Plaintiffs consulted defense counsel about this motion, seeking their agreement to remand. *See* 11/3/14 Letter (attached as Exhibit E). Defense counsel refused to agree to remand. *See* 11/6/14 Letter (attached as Exhibit F). This justifies an award under § 1447(c). *Excell v. Sterling Boiler & Mech.*, 106 F.3d 318, 322 (10th Cir. 1997).

For these reasons, the Court should remand this case to state court and award Plaintiffs their fees and costs under § 1447(c).

                                      Respectfully submitted,

                                      /s/ Scott Burnett Smith
                                      Scott Burnett Smith
                                      *Attorney for Plaintiffs*

OF COUNSEL:
G. Bartley Loftin, III
David W. Holt
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@babc.com
bloftin@babc.com
dholt@babc.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Emily Jones Chancey
W. Brad English
Walter A. Dodgen, Jr.
Maynard Cooper & Gale PC
655 Gallatin Street
Huntsville, AL 35801
echancey@maynardcooper.com
benglish@maynardcooper.com
tdodgen@maynardcooper.com

James T. Baxter, III
Ables Baxter & Parker PC
P.O. Box 165
Huntsville, AL 35804-0165
tbaxter@ablesbaxter.com

/s/ Scott Burnett Smith
OF COUNSEL