FILED
2014 Nov-26 PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ALABAMA CONCRETE CO., INC., MARY JANE MITCHELL, and MIRIAM MITCHELL ROLAND, <br><br> PLAINTIFFS, <br><br> V. <br><br> ARGOS CEMENT, LLC, and L. BRUCE ABLES, <br><br> DEFENDANTS. | Case No. 5:14-cv-01940-MHH |

### REPLY BRIEF ON MOTION TO REMAND AND MOTION FOR FEES AND COSTS UNDER 28 U.S.C. § 1447(c)

Removal of this case was not objectively reasonable. Because 28 U.S.C. § 1332(c)(2) deems Bruce Ables a citizen of Alabama, it is impossible to satisfy the complete diversity requirement, and § 1441(b)(2)'s in-state removal bar applies. Alabama Rule of Civil Procedure 9(a) excuses any failure to plead Ables's representative capacity with more particularity. Argos's remaining arguments in favor of removal lack merit. This Court should remand this case and award Plaintiffs their fees and costs under § 1447(c).

1. Despite the length of its opposition to remand, Argos has failed to offer any objectively reasonable basis for removal. Argos spends almost half of their opposition arguing that Plaintiffs failed to properly plead claims against Ables

1

in his representative capacity. Doc. 16 at 1–10. But Alabama Rule of Civil Procedure Rule 9(a) refutes this argument: "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity." Nor is it necessary under § 1332(c)(2). The diversity statute does not depend on the niceties of pleading capacity. Instead, it simply says the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The complaint pleads that Ables is the personal representative of the estate of Woodfin G. Mitchell. Compl. ¶¶ 5, 11, 12, 16, 19–20. Because Ables is the representative of the estate, § 1332(c)(2) deems him a citizen of Alabama, destroying diversity. In addition, § 1441(b)(2) bars removal.

2. Ables waived any issue of capacity by failing to raise it in his answer. *See* Ala. R. Civ. P. 9(a) ("When a party desires to raise an issue as the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as a peculiarly within the pleader's knowledge."); FED. R. CIV. P. 9(a)(2) (same); *Lang v. Tex. & Pac. Ry.*, 624 F.2d 1275, 1277 (5th Cir. 1980); *Landry v. Two R. Drilling*, 511 F.2d 138, 141 n.2 (5th Cir. 1975); *Moseley*

*v. Commercial State Bank*, 457 So. 2d 967, 969 (Ala. 1984). Neither Argos's nor Ables's answer contains any negative averment about his representative capacity. In fact, they both admit he is the personal representative of the estate and affirmatively plead that he had the authority to execute the Right of First Refusal in that capacity. Doc. 7 ¶¶ 5, 16; Doc. 10 ¶¶ 5, 14, 16.

3. Ables, as personal representative of the estate, is a proper party to this action. His representative capacity lies at heart of this case. Jurisdictionally, the fact that the complaint sues him as the estate's representative is dispositive under § 1332(c)(2) and § 1441(b)(2). On the merits, the validity of the Right of First Refusal turns on whether he had the authority as the personal representative to execute the document. The fact that the Alabama Concrete stock has transferred through the estate is beside the point. The central question is whether it transferred with a valid or invalid restriction. Ables signed the restriction "as Personal Representative Estate of W. Gowen Mitchell." Compl. Ex.A at 4; Doc. 7 ¶ 11; Doc. 10 ¶ 11. Ables's representative status is crucial to the validity or invalidity of the contract; he has an interest in and is a necessary party to the complaint's declaratory judgment count. *See* ALA CODE § 6-6-223 ("Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a . . . contract . . . may

have determined any question of construction or validity arising under the instrument . . . [or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder."); *id.* § 6-6-225 ("Any person interested . . . through an executor [or] administrator . . . of the estate of a decedent . . . may have a declaration of rights or legal relations in respect thereto: * * * (2) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or (3) To determine any question arising in the administration of the estate or trust, including questions or construction of wills and other writings."); *id.* § 6-6-227 ("All parties shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."); FED. R. CIV. P. 57, committee note 1937 ("The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared. . . . Written instruments . . . may be construed before or after breach at the petition of a properly interested party, process being served on the private parties or public officials interested."). *See generally* BORCHARD, DECLARATORY JUDGMENTS 272 (2d ed. 1941) ("So in the matter of construing a contract, all parties to the contract should be made parties to the action."). Alabama law requires Ables, as personal representative, to "defend claims" for "the protection or benefit of the estate and of the personal

4

representative in the performance of duties of the personal representative." ALA. CODE § 43-2-843(18). Argos's halfhearted claim that Ables—a party to the contract—has been fraudulently joined lacks merit, both factually and legally. If he didn't believe the complaint stated an actionable claim against him, he wouldn't have answered or joined issue on the merits.

4. Argos has ignored the dispositive fact on Ables's citizenship—his homestead exemption. In order to claim a homestead exemption on his home in downtown Huntsville, Ables must show it is his primary residence or home. ALA. CONST. Art. X, § 205; ALA. CODE §§ 6-10-2, 6-10-3; ALA. CODE §§ 40-9-19 & 40-9-21; *Sims v. Cox*, 611 So. 2d 339, 340 (Ala. 1992); *Gowens v. Goss*, 561 So. 2d 519, 521–23 (Ala. 1990). To obtain a homestead exemption, Ables had to file a sworn declaration with the probate judge through the tax assessor of Madison County. ALA. CODE § 6-10-20. By swearing that his Huntsville home is his primary residence, Ables has established his domicile in Alabama. *Sunseri v. Macro Cellular*, 412 F.3d 1247, 1249 (11th Cir. 2005). A self-serving declaration that he has a residence in Tennessee cannot overcome Ables's declared homestead in Alabama. *Altimore v. Mount Mercy College*, 420 F.3d 763, 767, 769 (8th Cir. 2005). *See* 15 MOORE'S FEDERAL PRACTICE 3D § 102.36[2] (collecting cases holding that person's own statements are given only limited weight when they

conflict with the objective jurisdictional facts). Nor can the use of a Tennessee driver's license and voter registration for "tax purposes" alter Ables's true Alabama citizenship. *Galva Foundry v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). Ables will suffer no hostility or prejudice in the state court where he has practiced for 50 years.

5. Finally, Argos has failed to come forward with any evidence to quantify the amount in controversy. It simply reiterates the contentions from the notice of removal. Doc. 16 at 19–22. The monetary value that would flow to the Plantiffs if the Court declares the Right of First Refusal invalid is too conditional, speculative, and uncertain to quantify. *See Morrison v. Allstate*, 228 F.3d 1255, 1269 (11th Cir. 2000); *Cohen v. Office Depot*, 204 F.3d 1068, 1077–78 (11th Cir. 2000). Argos's own actions show the restriction did not change the $14 million they were willing to pay for the Alabama Concrete stock in an unconsummated deal. *See* Doc. 2 Ex. 1 (page 14 of 20). The alternative calculation—based on concrete discounts given to the company months before and after the Right of First Refusal—also results in $0. Those discounts were worth $0 to the Plaintiff shareholders. It is undisputed that none of the discounts were ever paid to Ms. Mitchell or Ms. Roland, who currently own the stock and are seeking the declaration. There is no evidence, and it is pure speculation at this point, what

effect, if any, the Right of First Refusal would have on the value of their stock in a future sale.

The Court should remand this case to state court and award Plaintiffs their fees and costs under § 1447(c).

Respectfully submitted,

/s/ Scott Burnett Smith
Scott Burnett Smith
*Attorney for Plaintiffs*

OF COUNSEL:
G. Bartley Loftin, III
David W. Holt
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@babc.com
bloftin@babc.com
dholt@babc.com

# Certificate of Service

I hereby certify that on November 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Emily Jones Chancey
W. Brad English
Walter A. Dodgen, Jr.
Maynard Cooper & Gale PC
655 Gallatin Street
Huntsville, AL 35801
echancey@maynardcooper.com
benglish@maynardcooper.com
tdodgen@maynardcooper.com

James T. Baxter, III
Ables Baxter & Parker PC
P.O. Box 165
Huntsville, AL 35804-0165
tbaxter@ablesbaxter.com

/s/ Scott Burnett Smith
OF COUNSEL